### Leroy Coleman v. The State.

No. 5050. Decided May 29, 1918.

**Escape of Convict—Employer—Hiring—Insufficiency of the Evidence.**

Where defendant was arrested under article 338, P. C., for escaping from his employer after he had been hired under a convict bond, and the evidence did not show a wilful escape, the conviction could not be sustained. Following Carter v. State, 29 Texas Crim. App., 2.

Appeal from the County Court of Nacogdoches. Tried below before the Hon. J. F. Perritte.

Appeal from a conviction of a wilful escape of a hired convict; penalty, a fine of ten dollars.

*Harris & Harris,* for appellant.—Cited Welch v. State, 8 S. W. Rep., 657, and case stated in opinion.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was arrested under article 338, P. C., for escaping from his employer after he had been hired under convict bond. The evidence shows he had been convicted for gambling and fined $10, and turned over to the county judge in default of the payment of the fine and costs, which amounted to about $20. Harrington hired appellant in Nacogdoches County and put him to work in Angelina County. Harrington left the camp or place where appellant was at work and returned to his home in Nacogdoches. The same evening appellant left the camp and returned to Nacogdoches, where he also resided. Upon reaching Nacogdoches he called Harrington over the phone and talked with him, telling him he was there and came after provisions; that he had nothing to eat at the camp and came home to secure provisions. Harrington says he made arrangements with a man and his wife who lived on his property in Angelina County to feed the defendant, but defendant was not aware of that fact, and having nothing to eat he returned to Nacogdoches. Harrington ordered him to return to Angelina County, which appellant failed to do. He testified that he purposed going in accordance with Mr. Harrington's wish, and to take some things from Mr. Harrington's house to the depot, but when he went to Harrington's house he had gone to the train, and he, appellant, went to the train to return with Harrington but reached the depot too late; the train had gone. Appellant then went to another party for whom he had previously worked and requested him to pay his fine, and release him from this obligation to Mr. Harrington, and that he, appellant, would work for him. Witness agreed to do so and got in communication with the county judge. This was acceptable to the county judge, and the amount would have been paid but the county judge deferred the matter a little while to see Harrington, in order to ascertain the amount of credit due appellant for the time that Harrington had him so as to be correct in receiving the balance of the fine and costs from the witness. The county judge and the witness both testified to these facts.

Without going into other questions suggested by bills of exception, we are of opinion this evidence does not show a wilful escape. That he left Mr. Harrington's place in Angelina County is conceded, and it seems to be also not questioned that he left on account of the fact he had nothing to eat, and was not aware of the fact that Mr. Harrington had made arrangements to feed him until his return. He so informed Mr. Harrington upon his arrival in Nacogdoches. We are of opinion under this state of facts appellant should not have been convicted. See Carter v. State, 29 Texas Crim. App., 2.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*